UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

USHEIL F.,

       Plaintiff,

v.

       Civil Case No. 22-10136
       Honorable Linda V. Parker

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**OPINION AND ORDER: (1) ADOPTING MAGISTRATE JUDGE'S MAY 22, 2023, REPORT AND RECOMMENDATION (ECF No. 22), (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 18), AND (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 20)**

On January 24, 2022, Plaintiff Usheil F. ("Plaintiff") filed this lawsuit pursuant to 42 U.S.C. § 405(g), seeking to challenge the Commissioner of Social Security's ("Commissioner") decision denying her application for social security benefits under the Social Security Act. (ECF No. 1.) On September 13, 2022, Plaintiff filed an amended motion for summary judgment, ECF No. 18, followed by the Commissioner filing its motion for summary judgment on September 21, 2023. (ECF No. 20.) On January 24, 2022, this Court referred the lawsuit to Magistrate Judge Anthony P. Patti for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C.

§ 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (ECF No. 3.)

On May 22, 2023, Magistrate Judge Patti issued an R&R recommending that the Court grant the Commissioner's motion for summary judgement and deny Plaintiff's motion for summary judgment. (ECF No. 22.) Specifically, Magistrate Judge Patti concludes that "Plaintiff has not shown legal error that would upend the [Administrative Law Judge]'s decision, which is well supported by substantial evidence." (*Id.* at Pg ID 1515.) In support of his conclusion, Magistrate Judge Patti finds the following: (1) Plaintiff failed to meet her burden of demonstrating that the ALJ committed harmful error in her evaluation of Step 2 of the sequential evaluation process pursuant to 20 C.F.R. 404.1520(a)(4), *see id.* at Pg ID 1504; (2) the ALJ did not err by failing to utilize a medical expert to evaluate and interpret the diagnostic imaging in light of SSR 96-6p, *see id.* at Pg ID 1510; and (3) the case should not be remanded because Plaintiff failed to fully develop her argument that the ALJ failed to reconcile conflicts between Plaintiff's residential functional capacity ("RFC") and the jobs cited by the vocational expert at the hearing, and because Plaintiff waived the argument by failing to cross-examine the vocational expert. (*Id.* at Pg ID 1511–12, 1515.)

At the conclusion of the R&R, Magistrate Judge Patti informs the parties that they must file any objections to the R&R within fourteen (14) days. (*Id.* at Pg

ID 1516.)  He further advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id.* (citations omitted).)  On June 5, 2023, Plaintiff filed objections to the R&R.  (ECF No. 23.)

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).  A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

First, Plaintiff maintains that Magistrate Judge Patti does not "adequately" address her "concise, irrebuttable premise that Social Security regulations required consideration of all medical evidence." (ECF No. 23 at Pg ID 1518-19.)  For example, Plaintiff again refers to the ALJ's alleged "mischaracterizing and

3

misrepresenting"[1] the test results regarding Plaintiff's Osteopenia and Osteoporosis. (*Id.* at Pg ID 1518.) As the Sixth Circuit has noted, there is no requirement that either the ALJ or this Court discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (internal quotations omitted) ("[A]n ALJ can consider all evidence without directly addressing in his written decision every piece of evidence submitted by a party."). The measure of "adequacy" is not whether Plaintiff is satisfied with a magistrate judge's conclusion but whether it is grounded in law; case law supports the conclusions here. Moreover, as directly addressed in the R&R, failing to find a medical impediment severe during step 2 of the sequential analysis is not reversible error if the ALJ finds another impairment severe and continues with the evaluation, which was the case in this matter. *See, e.g., Fisk v. Astrue*, 253 F. App'x 580, 583–84 (6th Cir. 2007); *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008); *see also Dickey-Williams v. Comm'r of Soc. Sec.*, 975 F. Supp. 2d 792, 822–23 (E.D. Mich. 2013) (quotation marks and citation omitted) ("any alleged omission from the list of severe impairments does not undermine the ALJ's decision" provided that the ALJ considers Plaintiff's "severe and nonsevere impairments in the remaining steps of the sequential

---

[1] The R&R addresses why this argument fails and as such, the Court will not readdress it here. (*See* ECF No. 22 at Pg ID 1508–10.)

analysis."). In fact, Magistrate Judge Patti clearly lists the instances where the ALJ discusses Plaintiff's Osteopenia and Osteoporosis. (ECF No. 22 at Pg ID 1506–07.) Thus, this objection has no merit. Further, "an objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Dykes v. Benson*, No. 1:18-CV-664, 2022 WL 368648, at *1 (W.D. Mich. Feb. 8, 2022), *aff'd,* No. 22-1184, 2022 WL 19076614 (6th Cir. Nov. 22, 2022) (citing *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017)). Plaintiff's objection is invalid as she merely attempts to rehash her prior argument.

Next, Plaintiff objects to the R&R where Magistrate Judge Patti's finds that "the ALJ did not err by failing to use a medical expert to evaluate and interpret . . . the diagnostic imaging results (i.e., the DEXA bone scan results)." (ECF No. 23 at Pg ID 1530.) Finally, Plaintiff objects to "the Magistrate Judge's Statement that the Court should decline to remand on the basis that the ALJ failed to reconcile conflicts between Plaintiff's RFC and the jobs cited by the VE at the hearing and adopted by the ALJ at the Hearing." (*Id.* at Pg ID 1532.) Again, these "objections" are not valid as they merely disagree and re-argue the original positions. *See Dykes*, 2022 WL 368648, at *1.

5

The Court has carefully reviewed the R&R and concurs with the conclusions reached by Magistrate Judge Patti. The Court therefore adopts the R&R. The Commissioner's decision is hereby affirmed.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 18) is **DENIED**, and that the Commissioner's Motion for Summary Judgment (ECF No. 20) is **GRANTED**.

**SO ORDERED.**

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: September 27, 2023